**WEI LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–3482–ag.

United States Court of Appeals, Second Circuit.

May 1, 2008.

John Chang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Wei Lin, a native and citizen of the People's Republic of China, seeks review of a July 23, 2007 order of the BIA affirming the April 14, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Lin,* No. A72 214 313 (B.I.A. Jul. 23, 2007), *aff'g* No. A72 214 313 (Immig. Ct. N.Y. City, Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

In his appeal to the BIA, Lin failed to exhaust any challenge to the IJ's adverse credibility and burden of proof findings. He argued that the IJ had failed to consider the "totality of the circumstances" in her "discretionary denial" of his asylum application,[1] and erroneously denied his withholding and CAT claims on the same discretionary basis. In fact, the IJ did not render a discretionary denial of relief, a decision that would have required her to perform a "totality of the circumstances" analysis, *see Wu Zheng Huang v. INS,* 436 F.3d 89, 98 (2d Cir.2006); rather, she found that Lin did not establish his statutory eligibility for that relief because he had not suffered past persecution and had not provided credible evidence of a well-founded fear of future persecution.

Furthermore, while the BIA adopted and affirmed the IJ's adverse credibility and burden of proof findings, its mere mention of those findings does not excuse Lin's failure to offer any meaningful challenge before the BIA of the IJ's adverse credibility determination. *Cf. Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994); *Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006). Considering Lin's newly-minted arguments regarding credibility

---

1. A "discretionary denial" of asylum refers to the agency's authority to deny asylum, eligibility notwithstanding, under 8 U.S.C. § 1252(b)(4)(D), based on a weighing for the "totality of the circumstances." *See Matter of H–,* 21 I. & N. Dec. 337, 348 (BIA 1996).

and burden of proof would defeat the purpose of the issue exhaustion requirement—to allow the agency to review its own decisions for error after having the opportunity to consider petitioner's arguments. *See Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171 (2d Cir.2004) ("at least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court."); *see generally Lin Zhong*, 480 F.3d at 123, 124 n. 24; *see also United States v. Copeland*, 376 F.3d 61, 67 (2d Cir.2004); *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

 Thus, because we find that Lin failed to exhaust any challenge to the agency's adverse credibility and burden of proof findings, and because those findings were dispositive of Lin's application for relief, *see Majidi v. Gonzales*, 430 F.3d 77 (2d Cir.2005), we deny the petition for review, *see Steevenez*, 476 F.3d at 117–118. Even if we were to reach the merits of the agency's decision, we would find that it was supported by substantial evidence. As the IJ found, Lin engaged in a "flagrant pattern of lies" beginning with his submission of a fraudulent asylum application. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (relying on the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything) to find that once an IJ concludes that a documents false, he or she is free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity).

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).